UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALLEN TANELL GREGORY,

        Plaintiff,

        v.                                                    Case No. 25-C-149

JUDGE BARRY PHILLIPS,
JUDGE REBECCA A. KIEFER,
CLAIRE E. ZYBER,
SHERIFF DENITA BALL,
OFFICER JIMENEZ-GONZALEZ, and
JUDGE ANDREA BOLENDER,

        Defendants.

## SCREENING ORDER

Plaintiff Allen Tanell Gregory, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On March 3, 2025, the Court screened the complaint and, after concluding Gregory failed to state a claim upon which relief could be granted, gave him the opportunity to file an amended complaint, which he did on March 28, 2025. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

As explained in the original screening order, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

Gregory alleges that, on September 21, 2024, Defendant Officer Jimenez-Gonzalez "arbitrarily denied [him his] Miranda rights," and the next day "obtain[ed] DNA without [an] American Sign Language Interpreter." He further alleges that multiple judges, the district attorney, and the Milwaukee County Sheriff "conspired to den[y] [him] the right to court and right to a preliminary hearing within 10 days after the initial hearing." He also states that the defendants are "forcing [him] into peonage through involuntary servitude by imprisoning [him] and subjecting him to slavery and through legal coercion and physical confinement." He also alleges that a judge set excessive bond and that the sheriff has subjected him to emotional distress. He further believes that the court system treats people as artificial beings and subjects rather than as sovereign beings within the "Magna Charta." Dkt. No. 8.

## THE COURT'S ANALYSIS

Gregory fails to state a claim upon which relief can be granted. First, as the Court observed in the original screening order, Gregory has an open criminal case pending against him in Wisconsin state court. *See Wisconsin v. Gregory*, Milwaukee County Case No. 2024CF4554, *available at* wcca.wicourts.gov (last visited Mar. 31, 2025). Principles of equity, comity, and federalism preclude this Court from hearing cases that may interfere with ongoing state

proceedings. *See SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 678-79 (7th Cir. 2010). Accordingly, Gregory should raise his concerns about the allegedly delayed preliminary hearing in his criminal case in state court, not in this Court.[1]

Gregory also fails to state a claim against Officer Jimenez-Gonzales based on allegations that he did not read Gregory his *Miranda* rights. The Supreme Court recently held that *Miranda* rules are not constitutional rights enforceable through a §1983 lawsuit. *Vega v. Tekoh*, 597 U.S. 134 (2022). Also, Gregory does not explain why it matters that an American sign language interpreter was not present during his DNA collection, so the Court cannot reasonably infer from this single allegation that Gregory's rights were violated.

Next, Gregory's allegations of a "conspiracy" involving the remaining Defendants are too vague to state a claim. As the Court pointed out in the original screening order, "[t]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (2009) (citations omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Gregory's amended complaint is long on legal conclusions but short on factual allegations. Because Gregory fails to include specific factual allegations of what a particular person did or did not do to violate his rights, the complaint fails to state a claim.

Finally, any claim Gregory seeks to assert against a judge is frivolous because established precedent forecloses claims against judges, who are absolutely immune from suit. *See Atkins v.*

---

[1] According to the publicly available docket, on March 11, 2025, the state court ordered the criminal case adjourned for cause for a preliminary hearing because an American sign language interpreter was not available. A preliminary hearing is scheduled for April 18, 2025. *Wisconsin v. Gregory*, Milwaukee County Case No. 2024CF4554.

*Gilbert*, 52 F.4th 359, 361-62 (7th Cir. 2022) (explaining that describing a claim as frivolous does not impugn the plaintiff's honesty but acknowledges that established precedent forecloses those claims).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim and as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this 2nd day of April, 2025.

_____
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.